STATE OF NORTH CAROLINA v. MARK ANTHONY HALL

No. 8812SC561

(Filed 21 March 1989)

**Bills of Discovery § 6— fingerprint evidence—failure to inform defendant—exclusion not required**

> Even if the State's failure to inform defendant about a second fingerprint failed to comply with the discovery order, the court's refusal to suppress the evidence or continue the trial was not necessarily error, since the court did sanction the State in one of the ways authorized by N.C.G.S. § 15A-910 by granting a recess and requiring the State's witness to confer with defense counsel and to be interrogated under oath before he testified; that way was neither inappropriate nor beyond the court's discretion; and since the first print was received into evidence without defendant's having had it examined by an expert, it appeared unlikely that he was prejudiced in any event by his inability to have the second print examined.

APPEAL by defendant from *Johnson (E. Lynn), Judge.* Judgment entered 4 February 1988 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 10 January 1989.

Defendant appeals his conviction of second degree burglary on the ground that the court refused to sanction the State for failing to comply with discovery. Pertinent thereto the State's

evidence and other parts of the record indicate that: The burglar entered the dwelling involved by opening the front door from the inside after knocking the glass out of an adjacent window. He left two fingerprints on a piece of the broken window glass, one of which was sent to the State Bureau of Investigation, where its expert concluded that defendant's left thumb made it. The other print, due to oversight, was not sent to the SBI and the district attorney for some unexplained reason did not learn about it until the trial was underway. Before trial defense counsel requested voluntary discovery in writing and under the district attorney's "open file policy" he was permitted to examine the file, which mentioned the print analyzed by the SBI but not the other one. During a trial recess the district attorney had the second print examined by the State's expert, who concluded that it was similar to defendant's left index finger. Citing the State's failure during discovery to inform him about the print defendant moved, pursuant to G.S. § 15A-910, that the court sanction the State either by suppressing the evidence or continuing the trial so that he could obtain an expert to analyze the print. The court denied the motion but allowed defendant during a trial recess to confer with and interrogate the State's expert under oath about his upcoming testimony. Defendant, who had been on the burglarized premises about a month earlier, but not around the window that was broken, had not had the other print examined by an expert.

*Attorney General Thornburg, by Assistant Attorney General K. D. Sturgis, for the State.*

*Reid, Lewis & Deese, by Renny W. Deese, for defendant appellant.*

PHILLIPS, Judge.

Discovery having been voluntarily agreed to, defendant contends that the State's failure to disclose the existence of the second fingerprint violated the discovery article and G.S. § 15A-910 required the court to sanction it by either suppressing the evidence or continuing the trial. The statute does not support the contention; the sanctions it authorizes are not mandatory, but permissive, optional and subject to the sound discretion of the judge. *State v. McNicholas*, 322 N.C. 548, 555, 369 S.E. 2d 569, 574 (1988). G.S. § 15A-910 provides as follows:

STATE v. HALL

[93 N.C. App. 236 (1989)]

If at any time during the course of the proceedings the court determines that a party has failed to comply with this Article or with an order issued pursuant to this Article, the court in addition to exercising its contempt powers may

(1) Order the party to permit the discovery or inspection, or

(2) Grant a continuance or recess, or

(3) Prohibit the party from introducing evidence not disclosed, or

(3a) Declare a mistrial, or

(3b) Dismiss the charge, with or without prejudice, or

(4) Enter other appropriate orders.

Thus, even if the State's failure to inform defendant about the second fingerprint did not comply with the discovery article—as it did not, since district attorneys participating in discovery, no less than other lawyers, are obliged to know what documentary evidence exists in their cases and to disclose it when ordered, and discovery voluntarily undertaken is deemed by G.S. § 15A-902(b) "to have been made under an order of the court"—the court's refusal to either suppress the evidence or continue the trial was not necessarily error, as defendant argues. For the court did sanction the State in one of the ways authorized by the statute (by granting a recess and requiring the State's witness to confer with defense counsel and to be interrogated under oath before he testified) and that way was neither inappropriate nor beyond the court's discretion in our opinion. And since the first print was received into evidence without defendant having had it examined by an expert, it appears unlikely that he was prejudiced in any event by his inability to have the second print examined.

No error.

Judges COZORT and GREENE concur.